## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOMENIC PELLEGRINO, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No. |
| | : | |
| vs. | : | |
| | : | |
| UPMC PRESBYTERIAN, | : | **JURY TRIAL DEMANDED** |
| and NCO FINANCIAL SYSTEMS, INC. | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

_____AND NOW, comes Plaintiff, Domenic Pellegrino, by and through his counsel, Daniel L. Rivetti, Esquire of Robb Leonard Mulvihill, LLP and complains against Defendants as follows:

## PARTIES

1.     Plaintiff, Domenic Pellegrino, resides at 3120 Dove Drive, Irwin, Pennsylvania 15642.

2.     Defendant, University of Pittsburgh Medical Center Presbyterian Hospital (hereinafter "UPMC"), is a company organized and existing under the laws of the Commonwealth of Pennsylvania, with its principle place of business located at 200 Lothrop Street, Pittsburgh, Pennsylvania 15213, and is engaged in the business of providing medical services.

3.     Defendant, NCO Financial Systems, Inc. (hereinafter NCO"), is a company organized and existing under the laws of the Commonwealth of Pennsylvania, with its principle place of business located at 100 Fleet Street, 3rd Floor, Pittsburgh, Pennsylvania 15220.

:53218.1

## JURISDICTION AND VENUE

4.    Jurisdiction of this Court is pursuant to the provisions of 28 U.S.C. § 1331, by reason of original jurisdiction pursuant to a civil action arising under the Constitution, laws, or treaties of the United States.

5.    Venue in this action is properly laid in the United States District Court for the Western District of Pennsylvania in that the cause of action arises from the conduct and tortious actions on the part of Defendants in Pittsburgh, Pennsylvania.

## FACTUAL BACKGROUND

6.    On February 16, 2007, Plaintiff was injured in an automobile accident.

7.    As a result of injuries sustained in the accident, Plaintiff received medical services from UPMC.

8.    Specifically, Plaintiff had x-ray studies conducted by UPMC on the dates of March 29, 2007 and May 3, 2007.  These procedures, for which he was billed $364.00 each,  were not covered by Plaintiff's health benefit plan.

9.    On August 28, 2007, Plaintiff issued payment to UPMC for the services received in the amount of $58.22, accompanied by a letter explaining that this amount was calculated in accordance with Act 6 of the Pennsylvania Motor Vehicle Financial Responsibility Law (hereinafter "Act 6").

10.    The aforementioned payment was, in fact, made in accordance with Act 6, which states "The provider may not require payment in excess of the Medicare payment pertaining to the applicable specialty under Medicare for comparable services at the time services were rendered, or the provider's usual and  customary charge, whichever is less."  31 Pa. Code § 69.21.  The Medicare amount for each x-ray was determined to be $29.11.

Case 2:05-mc-02025   Document 471   Filed 04/08/2008   Page 3 of 7

## COUNT 1
## UPMC VIOLATED THE FAIR CREDIT REPORTING ACT

11.     Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 10 above as if each were set forth at length herein.

12.     On September 14, 2007, UPMC sent a letter to Plaintiff informing him of outstanding payments for the x-rays conducted on March 29, 2007 and May 3, 2007.

13.     Despite the clear mandates of Pennsylvania law, UPMC knowingly reported Plaintiff to NCO Financial Services, Inc. (hereinafter "NCO"), a consumer reporting agency under 15 U.S.C. § 1681(f), for failure to provide payment in excess of the amount specified by Act 6.

14.     NCO sent a letter to Plaintiff, dated September 23, 2007, threatening to report him to all national credit bureaus, should he not make a payment of $334.89 for the services rendered by UPMC.

15.     NCO sent a second letter, dated November 4, 2007, threatening to report him to all national credit bureaus, should he not make a payment of $334.89 for the services rendered by UPMC.

16.     Plaintiff's credit rating has been irreparably damaged as a result of UPMC reporting him to NCO.

17.     The Fair Credit Reporting Act (hereinafter "FCRA") includes a statutory duty of furnishers of information to provide accurate information.  Furnishers of information are prohibited from reporting of information with knowledge of actual errors.  The FCRA states "A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."  15 U.S.C. § 1681s-2(a)(1)(A).

18.     UPMC, a furnisher of information, was aware that it was only entitled to the Act 6 amount for the services provided to Plaintiff.

19.     The FCRA expressly grants a private cause of action for "willfully failing to comply with any requirement imposed under this title with respect to any consumer."  15 U.S.C. § 1681(a).

20.     UPMC intentionally provided inaccurate information with respect to Plaintiff's debt to NCO in an effort to further its own economic interests.

21.     The amount of liability includes "any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; ... such amount of punitive damages as the court may allow; and in the case of any successful action to enforce any liability under this section, the costs of action together with reasonable attorney's fees as determined by the court."  15 U.S.C. § 1681(a)(1)-(3).

**COUNT 2**
**UPMC VIOLATED THE PENNSYLVANIA UNFAIR TRADE PRACTICES**
**AND CONSUMER PROTECTION LAW**

22.     Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 21 above as if each were set forth at length herein.

23.     UPMC intentionally misrepresented the amount Plaintiff owed for services provided when it contacted NCO.  Plaintiff had already satisfied his obligation by paying to UPMC the amount they were entitled under Act 6.

24.     In doing so, UPMC engaged in "unfair or deceptive acts or practices" by "engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. § 201-2(4)(xxi).

:53218.1                                          4

25.      "Any person who purchases or leases goods or services...and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by...this act, may bring a private cause of action to recover actual damages or one hundred dollars ($100), whichever is greater.  The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper.  The court may award to the plaintiff, in addition to the other relief provided..., costs and reasonable attorneys fees."   73 P.S. § 201-9.2

### COUNT 3
### UPMC DEFAMED PLAINTIFF

26.      Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 25 above as if each were set forth at length herein.

27.      Furthermore, UPMC defamed Plaintiff by reporting him to NCO, a collection agency, for debts that they were not legally entitled.

28.      The FCRA provides that "No consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency...except as to false information furnished with malice or willful intent to injure such consumer."  15 U.S.C.A. § 1681h(e).

29.      UPMC provided false information with respect to the amount owed by Plaintiff for medical services to NCO in an attempt to willfully injure Plaintiff financially.

### COUNT 4
### NCO VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

30.      Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through

29 above as if each were set forth at length herein.

31.     NCO is a "debt collector," defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purposed of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C.A. § 1692a(4).

32.     A debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt.  15 U.S.C.A. § 1692e.

33.     Specifically, a debt collector may not communicate or threaten to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that disputed debt is disputed.  15 U.S.C.A. § 1692e(8).

34.     NCO knew or should have known that the debt it attempted to collect from Plaintiff was inaccurate, as a reasonable investigation would have provided such information.

35.     No inquiry was made by NCO into the calculations of the debt provided by UPMC prior to haphazardly sending collection notices to Plaintiff threatening to report him to all national credit bureaus should he not comply with prompt payment of the requested amount.

36.     The amount of liability for violation of any provision of the FDCPA includes "any actual damage sustained by the person; ...such additional damages as the court may allow, but not exceeding $1,000; ...and the costs of action, together with reasonable attorney's fees as determined by the court."  15 U.S.C.A. § 1692a(1)-(3).

        WHEREFORE, Plaintiff demands judgment against Defendant, UPMC, for the willful violations of the FCRA, in the amount of $1,000.00, plus punitive damages, plus the costs of this action, together with reasonable attorney's fees.  Additionally, Plaintiff demands judgment against

Defendant, UPMC for violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, in the amount of at least $1,000.00, plus additional relief as the court deems necessary, plus costs and reasonable attorneys fees.   Furthermore, Plaintiff demands judgment against Defendant, NCO, in the amount of $1,000.00, plus the costs of this action, together with reasonable attorney's fees; and Plaintiff prays for such other and further relief as is just and proper.

Respectfully submitted,

By:    /s/ Daniel L. Rivetti
Daniel L. Rivetti, Esquire
PA I.D.#73015
Robb Leonard Mulvihill, LLP
Firm No. 249
One Mellon Bank Center
500 Grant Street, 23rd floor
Pittsburgh, PA 15219
(412) 281-5431
Attorney for Plaintiff